## IN THE CIRCUIT COURT OF RANKIN COUNTY, MISSISSIPPI

**CAROL SANDIFER AND FELIX SANDIFER, Individually
and as Wrongful Death Heirs and Beneficiaries of
Norma Sandifer, Deceased, and THE ESTATE OF
NORMA SANDIFER, DECEASED**                                    **PLAINTIFFS**

**VS.**                                    CIVIL ACTION NO. _21-215_

**BRANDON NURSING AND REHABILITATION
CENTER, LLC, AND JOHN DOE**                                    **DEFENDANTS**

### SUMMONS

**TO:    BRANDON NURSING AND REHABILITATION CENTER , LLC
c/o United Corporation Services, Inc., Its Registered Agent
248 East Capital Street, Suite 840
Jackson, Mississippi 39201**

### NOTICE TO DEFENDANT(S)

You are required to mail or hand-deliver a copy of a written response to the Complaint to Carroll Rhodes, attorney for Plaintiffs, whose address is The Law Offices of Carroll Rhodes, Post Office Box 588, 119 Downing Street, Hazlehurst, Mississippi 39083. Your response must be mailed or delivered within thirty (30) days of the date of delivery of this Summons and Complaint, or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the ___18___ day of October, 2021.

BECKY BOYD, CIRCUIT CLERK

BY: _Kirby Henderson_ , D.C.

CARROLL RHODES, ESQ. - MSB NO. 5314
THE LAW OFFICES OF CARROLL RHODES
POST OFFICE BOX 588
HAZLEHURST, MISSISSIPPI 390893
TELEPHONE: (601) 894-4323
FACSIMILE: (601) 894-1464
E-mail: crhode@bellsouth.net

1

## PROOF OF SERVICE - SUMMONS

_____

NAME OF PERSON OR ENTITY SERVED

     I, the undersigned process server, served the Summons and Complaint upon the person or entity named above in the manner set forth below (check proper space and provide all additional information that is requested and pertinent to the mode of service used):

     _____ **FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE.** By mailing first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of Notice and Acknowledgment and return envelope, postage prepaid, addressed to the sender.

     _____ **PERSONAL SERVICE.** I personally delivered copies of the Summons and Complaint to _____ _____ on the _____ day of _____, 2021, where I found said person(s) in _____ County, State of Mississippi.

     _____ **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies of the Summons and Complaint to said person within _____ County, State of _____. I served the Summons and Complaint on the _____ day of _____, 2021, by mailing (via first class mail, postage prepaid), copies to the person served at his or her usual place of abode where the copies were left.

     _____ **CERTIFIED MAIL SERVICE.** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.

     At the time of service, I was at least 18 years of age and not a party to the action.

FEE FOR SERVICE:          $_____

PROCESS SERVER MUST LIST BELOW:      (PLEASE PRINT OR TYPE)

NAME:       _____

ADDRESS:    _____

TELEPHONE NO.:   _____

IN THE CIRCUIT COURT OF RANKIN COUNTY, MISSISSIPPI

**CAROL SANDIFER AND FELIX SANDIFER, Individually**                    **PLAINTIFFS**
**and as the Wrongful Death Heirs and Beneficiaries of**
**Norma Sandifer, Deceased, and THE ESTATE OF**
**NORMA SANDIFER, DECEASED**

**VS.**                                CIVIL ACTION NO. _21-215_

**BRANDON NURSING AND REHABILITATION**
**CENTER, LLC,  AND JOHN DOE**                                        **DEFENDANTS**



                              **(JURY DEMANDED)**
                              __COMPLAINT__

        COME NOW the plaintiffs, Carol Sandifer and Felix Sandifer, Individually, and as the

Wrongful Death Heirs and Beneficiaries of Norma Sandifer, Deceased, and the Estate of Norma

Sandifer, Deceased, and make and file this their complaint against the defendants, Brandon Nursing

and Rehabilitation Center, LLC, and John Doe, and for said cause would show unto the Court the

following, to-wit:

                                   __PARTIES__

        1.      The plaintiffs, Carol Sandifer and Felix Sandifer, Individually and as the Wrongful

Death Heirs and Beneficiaries of Norma Sandifer, Deceased, are adult resident citizens of Copiah

County, Mississippi, whose post office and street address is Hazlehurst, Mississippi.

        2.      The plaintiff, Carol Sandifer, has filed a Petition for Appointment as the

Administratrix of the Estate of Norma Sandifer, Deceased, and she anticipates that the Chancery

Court of Copiah County, Mississippi will appoint her as the Administratrix of the Estate of Norma

Sandifer, Deceased, and allow her to prosecute the estate's claims against the defendants.

1

```
EXHIBIT
   A
```

3.      The defendant, Brandon Nursing and Rehabilitation Center, LLC, is a limited liability company organized and existing under the laws of the State of Mississippi having its principal place of business in Brandon, Rankin County, Mississippi. This defendant may be served with the process of this Court by serving its registered agent for process, United Corporation Services Inc. 248 E. Capitol Street, Suite 840, Jackson, Mississippi 39201.

4.      The plaintiffs do not know the name of the person (opposing party) who negligently caused plaintiffs' decedent's injuries and death, and, pursuant to MRCP 9(h), identify this defendant as "John Doe," and when his or her true name is discovered, the plaintiffs will move to substitute the true name for "John Doe" and give proper notice to "John Doe."

## JURISDICTION AND VENUE

5.      Plaintiffs bring this negligence, negligence *per se*, *res ipsa loquitur*, breach of contract, breach of warranty, fraudulent misrepresentation, negligent misrepresentation, and wrongful death action against the defendants and invoke the jurisdiction of this Court pursuant to MISS. CODE ANN. § 9-7-81.

6.      The venue of this action is proper in Rankin County, Mississippi, pursuant to MISS. CODE ANN. § 11-11-3, because the causes of action arose and accrued in Rankin County, Mississippi.

## FACTS

7.      At all times relevant herein, the plaintiffs' decedent, Norma Sandifer, was a patient and resident who was temporarily residing at a nursing home facility owned and operated by the defendants, Brandon Nursing and Rehabilitation Center, LLC ("Brandon Nursing Center"), and John Doe.

2

8.    At all times relevant herein the plaintiffs' decedent, Norma Sandifer, and the defendants, Brandon Nursing Center and John Doe, entered into written and oral contracts on or before August 19, 2021 whereby the defendants expressly and impliedly agreed to provide medical treatment and assistance to Norma Sandifer and not to cause her any unnecessary pain or harm or deterioration of her physical and/or medical condition and tor provide nursing and medical assistance to her.

9.    At all times relevant herein, the nurses, certified nursing assistants, physicians, custodial staff, and all other staff and associates at Brandon Nursing Center, and John Doe were employees and agents of Brandon Nursing Center and John Doe acting within the course and scope of their employment, agency, and authority for the defendants.

10.    The plaintiffs' decedent, Norma Sandifer, was an adult disabled female resident patient at Brandon Nursing Center on and prior to August 19, 2019.

11.    At the time of her admission to Brandon Nursing Center, Norma Sandifer had limited mobility and required medical, mobility, and living assistance that the defendant, Brandon Nursing Center, agreed to provide to her.

12.    On August 19, 2019, an employee of the defendants, Brandon Nursing Center and John Doe, acting within the course and scope of her employment, dropped the decedent, Norma Sandifer, while attempting to move her from her bed to a chair injuring her, especially her foot and toes which ultimately caused her death.

13.    The employee of the defendants acting within the course and scope of her employment, breached the industry standards by failing and refusing to use a hoyer lift or the assistance of other certified nursing assistants or nursing home employees when moving plaintiffs'

3

decedent from her bed to a chair.

14.    The plaintiffs' decedent, Norma Sandifer, was non-ambulatory and weighed more than the defendants' employee was able to lift, and the defendants' employee knew, or should have known, that the plaintiffs' decedent, Norma Sandifer, was non-ambulatory and weighed more than she was able to lift.

15.    The employee of the defendants breached the standard of care owed to non-ambulatory nursing home residents in moving them from a bed to a chair proximately causing her injury and death.

16.    The employee of the defendants, acting within the course and scope of her employment, was negligent.

17.    The defendants expressly and impliedly warranted to plaintiffs' decedent, Norma Sandifer, that they would not cause her injury or harm.

18.    The defendants expressly and impliedly entered into a contract with the plaintiffs' decedent, Norma Sandifer, whereby they committed that they would not cause her injury or harm.

19.    The defendants breached the express and implied warranties entered into with plaintiffs' decedent by proximately causing her injury, harm, and death.

20.    The defendants breached the express and implied contract entered into with plaintiffs' decedent by proximately causing her injury, harm, and death in violation of the terms and conditions of the contract.

21.    On or before August 19, 2019, the defendants entered into express and implied contracts with plaintiffs' decedents promising to provide for her daily living needs and medical treatment.

4

22.    The defendants breached the express and implied contracts by failing and refuse to provide for plaintiffs' decedent daily living needs and medical treatment after August 19, 2019.

23.    On or before August 19, 2019, the defendants entered into express and implied warranties with plaintiffs' decedents promising to provide for her daily living needs and medical treatment.

24.    The defendants breached the express and implied warranties by failing and refuse to provide for plaintiffs' decedent daily living needs and medical treatment after August 19, 2019.

25.    As a proximate result of the actions and inactions of the defendants, they breached the express and implied contracts they entered into with the plaintiffs' decedent.

26.    As a proximate result of the actions and inactions of the defendants, they breached the express and implied warranties they entered into with the plaintiffs' decedent.

27.    As a proximate result of the actions and inactions of the defendants, they breached the duty they owed to the plaintiffs' decedent proximately causing her injury, pain, emotional distress, and death.

28.    As a proximate result of the actions and inactions of the defendants, the plaintiffs' decedent, Norma Sandifer, was dropped to the floor, and her right foot, third toe, and toenail were broken and bloody, and she ultimately died as a proximate result of her injuries.

29.    The plaintiffs' decedent was a non-ambulatory diabetic patient, and the defendants knew, or should have know, that she was a non-ambulatory diabetic patient.

30.    As a proximate result of the actions and inactions of the defendants, the plaintiffs' decedent's foot and toes were amputated, and she suffered medical complications from her injury which was the proximate cause of her death on December 15, 2019.

5

31.    As a proximate result of the actions and inactions of the defendants, the plaintiffs' decedent suffered physical injury and pain, emotional distress, a loss of enjoyment of life, and death.

32.    The defendants violated Miss. Code. Ann. § 43-11-13 and Rule 83.2.12 of the Minimum Standards for Adult Foster Care Facilities issued by the Mississippi State Department of Health ("Minimum Standards") that were in effect at the time of plaintiffs' decedent's injuries and death by not assisting her with one or more of the following daily life activities - cleaning her and changing her pads, bathing her, feeding her, personally grooming her , dressing her, and assisting her with excretory functions.

33.    The defendants violated Miss. Code. Ann. § 43-11-13 and Rule 83.2.13 of the Minimum Standards by not adopting and following a care plan for plaintiffs' decedent.

34.    As a proximate result of the defendants violating Miss. Code. Ann. § 43-11-13 and Rules 83.2.12 and 13 of the Minimum Standards, the plaintiff suffered physical injury and pain, emotional distress, a loss of enjoyment of life, and death.

35.    The defendants breached the duty they owed to plaintiffs' decedent by failing to provide plaintiffs' decedent with the minimally accepted standard of care by (1) failing to conduct a comprehensive assessment of her physical conditions and needs, bodily functions, and nutritional status and needs; (2) failing to properly assess her physical conditions and needs, bodily functions, and nutritional status and needs; (3) failing to daily and timely chart and document her physical conditions and needs, bodily functions, and nutritional status and needs; (4) failing to provide adequate care for her physical conditions and needs, bodily functions, and nutritional status and needs; (5) failing to provide medical treatment and timely refer her to a physician or hospital for her physical conditions and needs, bodily functions, and nutritional status and needs; (6) failing to

6

provide adequate nutritional and dietary meals and fluids for her; and (7) failing to timely notify her family of changes in his physical condition, bodily functions, and nutritional and fluid intake.

36.     The defendant failed to exercise reasonable care in the representations, the impliedly oral contract, the implied warranties, it made with plaintiffs and their decedent and the duties they owed them.

37.     As a result of the actions and inactions of the defendants, plaintiffs' decedent suffered physical injury and pain, and emotional distress, a loss of enjoyment of life, and death.

38.     As a proximate result of defendants' actions and inactions, plaintiffs and their decedent incurred unnecessary medical and funeral bills.

39.     The actions and inactions of the defendants were the proximate cause of the death of plaintiffs' decedent.

40.     The defendant, Brandon Nursing Center, has not responded to the demand letter or the revised demand letter.

41.     The negligence, negligent misrepresentation, fraudulent misrepresentation, breach of contract, res ipsa loquitur, negligence per se, breach of warranties, and wrongful death by the defendants, as mentioned above, were a proximate contributing cause of plaintiffs' decedent injury on August 19, 2019 and death on December 15, 2019.

## CAUSES OF ACTION

## COUNT I - NEGLIGENCE

42.     The actions and inactions of the defendants, as mentioned above, constitute negligence.

### COUNT II - NEGLIGENCE *Per Se*

43.    The actions and inactions of the defendants, as mentioned above, constitute negligence *per se.*

### COUNT III - *RES IPSA LOQUITUR*

44.    The actions and inactions of the defendants, as mentioned above, constitute *res ipsa loquitur.*

### COUNT IV - BREACH OF CONTRACT

45.    The actions and inactions of the defendants, as mentioned above, in breaching the express and implied contracts entered into between the parties on or prior to August 19. 2019 constitute a breach of contract.

### COUNT V - BREACH OF WARRANTIES

46.    The actions and inactions of the defendants, as mentioned above, in breaching the express and implied warranties entered into between the parties on or prior to August 19, 2019 by causing the plaintiffs' decedent to suffer unnecessary pain and harm and a deterioration of her physical and medical condition constitute a breach of express and implied warranties.

### COUNT VI - WRONGFUL DEATH

47.    The actions and inactions of the defendants, as mentioned above, in being negligent and negligent per se, making fraudulent misrepresentations, making negligent misrepresentations, wrongfully causing the death of plaintiffs' decedent, and in breaching the contracts and warranties entered into between the parties by causing the plaintiffs' decedent to suffer physical injury, unnecessary pain, and a deterioration of her physical and health conditions constitute wrongful death for which the plaintiffs seek to recover compensatory damages for the wrongful death of their

8

decedent pursuant to MISS. CODE ANN. § 11-7-13.

### COUNT VII - FRAUDULENT MISREPRESENTATION

48.     The actions and inactions of the defendant, as mentioned above, constitute fraudulent misrepresentation.

### COUNT VIII - NEGLIGENT MISREPRESENTATION

49.     The actions and inactions of the defendants, as mentioned above, constitute negligent misrepresentation.

### CAUSATION, INJURY, AND DAMAGES

50.     As a proximate results of the actions and inactions of the defendants, as mentioned above, the plaintiff's decedent has suffered physical injury and pain, emotional distress, a loss of enjoyment of life, and death, and the plaintiffs and their decedent have incurred funeral, medical, and other related expenses, and the plaintiffs have suffered a loss of society and companionship, love and affection, a loss of consortium, and emotional distress.

51.     As a proximate results of the actions and inactions of the defendants, as mentioned above, the plaintiffs and their decedent have been injured and damaged and seek compensatory damages in an amount to be determined by the trier of fact that exceeds the minimal jurisdictional limit of this Court.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

52.     On July 30, 2021, prior to the filing of the instant action, the plaintiffs sent a notice of their intent to file suit (demand letter) to the defendant, Brandon Nursing Center.  A true copy of the notice (demand letter) is attached hereto as Exhibit "A" and incorporated herein.

53.     On August 19, 2021, prior to the filing of the instant action,  the plaintiffs sent a

9

revised notice of their intent to file suit (revised demand letter) to the defendant, Brandon Nursing

Center. A true copy of the notice (demand letter) is attached hereto as Exhibit "B" and incorporated

herein.

54.    A period of more than 60 days has expired between the time the plaintiffs provided

the defendant with notice of their intent to file suit, and this matter has not been resolved.

**JURY DEMAND**

55.    The plaintiffs demand a jury pursuant to MRCP 38.

WHEREFORE, PREMISES CONSIDERED, the plaintiffs demand judgment of and from

the defendant in an amount to be determined by the trier of fact that exceeds the minimal

jurisdictional limit of this Court, together with court costs, pre-judgment and post-judgment interest.

This the 18th day of October, 2021.

Respectfully submitted,
CAROL SANDIFER AND FELIX SANDIFER, Individually
and as the Wrongful Death Heirs and Beneficiaries of
Norma Sandifer, Deceased, and THE ESTATE OF
NORMA SANDIFER, DECEASED,

PLAINTIFFS


CARROLL RHODES, MSB # 5314
LAW OFFICES OF CARROLL RHODES
POST OFFICE BOX 588
HAZLEHURST, MISSISSIPPI 39083
TELEPHONE: (601) 894-4323
FACSIMILE: (601) 894-1464
E-MAIL: crhode@bellsouth.net

<u>**CERTIFICATE REQUIRED BY MISS. CODE ANN. § 11-1-58**</u>

The attorney for the plaintiffs certifies that he intends to rely on the doctrine of *res ipsa loquitur*.

The attorney for the plaintiff further certifies that he made a request to the defendant's, Brandon Nursing Center's, counsel on November 30, 2020 and again on May 10, 2021 requesting a complete copy of Norma Sandifer's complete medical records and file maintained by Brandon Nursing and Rehabilitation Center, LLC, but the records have not been produced yet. A true and copy of the letter sent to defense counsel on May 10, 2021 requesting the records is attached and incorporated herein.

This the 18th day of October, 2021.


_____
CARROLL RHODES, MSB # 5314

Law Offices of

# Carroll Rhodes

**Carroll Rhodes**
crhode@bellsouth.net

Attorney and Counselor at Law
**119 Downing Street**
Hazlehurst, Mississippi 39083

**Mailing Address:**
**Post Office Box 588**
**Hazlehurst, MS 39083**
**(601) 894-4323**
**FAX #**
**(601) 894-1464**

July 30, 2021

Dr. Raymond Burgett, LNHA-ED
Executive Director
Brandon Nursing and Rehabilitation Center, LLC
355 Crossgates Boulevard
Brandon, Mississippi 39042

RE:   Demand Letter on Behalf of the Wrongful Death Heirs and Estate of
      Norma Sandifer, Deceased
      Date of Injury:  August 19, 2019
      Date of Death: December 15, 2019

Dear Dr. Burgett:

Please be advised that my firm has been retained by the heirs and estate of Ms. Norma Sandifer, Deceased, to represent them and the Estate of Norma Sandifer, Deceased, in a personal injury claim and a wrongful death action against Brandon Nursing and Rehabilitation Center, LLC ("Brandon Nursing Center").

The claims of the estate and heirs stem from an incident that occurred at Brandon Nursing Center on August 19, 2019, and the wrongful death of Ms. Norma Sandifer, Deceased, that occurred on December 15, 2019. The incident that occurred on August 19, 2019, was the result of an employee of Brandon Nursing Center, acting within the course and scope of her employment, dropped Ms. Sandifer while attempting to move her from her bed to a chair. The employee of Brandon Nursing Center, acting within the course and scope of her employment, breached the industry standards by failing and refusing to use a hoyer lift or the assistance of other certified nursing assistants when moving Ms. Sandifer from her bed to a chair. Ms.Sandifer was non-ambulatory and weighed more than the Brandon Nursing Center employee was able to lift. In other words, the Brandon Nursing Center employee was negligent. As a proximate result of the negligence of the Brandon Nursing Center employee, Ms. Sandifer was dropped to the floor, and the third toe and toenail on Ms. Sandifer's right foot were broken and bloody. Ms. Sandifer was a non-ambulatory diabetic patient of Brandon Nursing Center. As a proximate · result of being dropped and injured by the Brandon Nursing Center employee, Ms. Sandifer suffered physical pain and emotional distress.

EXHIBIT "A"

Dr. Raymond Burgett, LNHA-Ed
July 30, 2021
Page 2

On August 20, 2019, Ms. Sandifer's sister spoke with Ms. Armika Henderson with
Brandon Nursing Center's Social Services Department and with Leslie, Brandon Nursing
Center's head nurse, about the incident. Both Ms. Henderson and Leslie told Ms. Sandifer's
sister that Brandon Nursing Center did not prepare incident reports for such accidents.

On September 20, 2019, someone from Brandon Nursing Center called Ms. Sandifer's
sister and told her that there had been a change in the instructions for taking care of Ms.
Sandifer's toe. Then on September 21, 2019, Ms. Sandifer's sister went to visit her at Brandon
Nursing Center and observed that Ms. Sandifer's toe had gotten worse.

On September 27, 2019, Ms. Sandifer's sister spoke with you regarding the course of
events surrounding Ms. Sandifer's injury and the lack of adequate medical care and attention she
had received. You indicated that you were unaware of the incident since there had not been an
accident report filed. Kim and Armeka were present during this conversation. Ms. Sandifer's
sister requested to see the grievance. She reviewed the instructions and it only stated that Ms.
Sandifer had hit her toe. The grievance report was incorrect, and Ms. Sandifer's sister said it was
inaccurate because it did not state that the Brandon Nursing Center's employee had dropped
Ms.Sandifer and injured her toe. Ms. Sandifer's sister was informed by Brandon Nursing
Center's staff and employees that the injury to her toe was prolonging her heart surgery. After
this series of conversations, Ms. Sandifer's sister returned to visit Ms. Sandifer. Ms. Sandifer
told her sister that another aide had come into her room and tried to intimidate her into saying
that an aide did not drop her and the aide was going to get fired. Ms. Sandifer's sister reported
this incident to Armeka and Kim. Kim called Ms. Sandifer's sister back and told her that she
(Kim) had addressed the situation. Ms. Sandifer's sister requested an x-ray of Ms. Sandifer's toe
since Ms. Sandifer was in so much pain. The x-ray was performed which was more than a
month after the incident.

On October 3, 2019, Ms. Sandifer's sister went to see Dr. Bahro and asked him what
could be done to help heal Ms. Sandifer's injury. Dr. Bahro suggested that an angiogram be
performed on Wednesday, October 10, 2019, at CMMC. The procedure was performed on
October 10, 2019, and Dr. Bahro told Ms. Sandifer's sister that he placed two balloons or stents
in Ms. Sandifer's leg.

On October 6, 2019, at 9:55 a.m., Ms. Sandifer called her sister and told her that no one
had come in to change her soiled diaper since 11:00 p.m. the night before. The day before,
October 5, 2019, Ms. Sandifer's sister went to visit Ms. Sandifer at about 11:00 a.m., and
Brandon Nursing Center's employees were just changing her soiled diaper on that date.

On October 23, 2019, Brandon Nursing Center's staff informed Ms. Sandifer sister's that
nursing home employee Wanita Aldridge had dropped Ms. Sandifer injuring her toe and that Ms.
Aldridge had been suspended.

Dr. Raymond Burgett, LNHA-Ed
July 30, 2021
Page 3

On October 30, 2019, Ms. Sandifer went to her doctor regarding her stump, and he looked at her injured toes and said they did not look good and he was unsure how long it would be before the injured toes had to be removed.

On November 6, 2019, Ms. Sandifer called her sister and told her that a nurse was hurting her while trying to clean her injured toes. Ms. Sandifer's sister was unsuccessful in getting in touch with you about this incident and left you a voice-mail message concerning the situation.

On November 11, 2019, Ms. Sandifer complained to her sister about the pain she was in due to her injured toes. Ms. Sandifer's sister looked at the injury, and the injury appeared to have gotten worse.

On November 12, 2019, the dressing on Ms. Sandifer's stump had not been changed even after her sister went to the Nurse's Desk at Brandon Nursing Center at about 1:15 p.m. and reported the problem. Ms. Sandifer's doctor had left instructions that the dressing on Ms. Sandifer's stump was to be changed daily. However, Brandon Nursing Center was not following the doctor's instructions.

On November 15, 2019, Ms. Sandifer went to see Dr. Rooks at CMMC about her stump and injured right foot. Dr. Rooks told her that he was going to have to amputate her right leg above the knee and this would be a high-risk surgery because of her condition. Dr. Rooks said that she was in so much pain every day the surgery would be worth the risk.

On November 27, 2019, Ms. Sandifer called her sister and said that she had been sitting in a soiled diaper for hours that day. She also said that she had pushed the "call nurse" button several times, but no one responded to her request for nursing services.

On December 2, 2019, Ms. Sandifer called her sister about 3:00 p.m. and said that she had been sitting in a soiled diaper for hours that day, but no one had come in to change her soiled diaper.

On December 7, 2019, Ms. Sandifer called her sister about 3:00 p.m. and said that she had been sitting in a soiled diaper for hours that day, but no one had come in to change her soiled diaper.

On December 14, 2019, Ms. Sandifer's sister went to visit her, and she was in a lot of pain and suffering and her body was cold.

Ms. Sandifer died on December 15, 2019, as a proximate consequence of the injury to her right toes and foot.

The employees of Brandon Nursing Center breached the contract entered into between the

Dr. Raymond Burgett, LNHA-Ed
July 30, 2021
Page 4

parties by causing Ms. Sandifer to suffer unnecessary pain by dropping her and severely injuring the toes on her right foot, failed to change her diaper, failing to change the dressing on her stump, and failing to promptly provide her adequate medical care.

They also breached the warranties entered into between the parties by causing Ms. Sandifer to suffer unnecessary pain by dropping her and severely injuring the toes on her right foot, failing to change her diaper, failing to change the dressing on her stump and failing to promptly provide her adequate medical care.

The employees of Brandon Nursing Center were negligent by causing Ms. Sandifer to suffer unnecessary pain by dropping her and severely injuring the toes on her right foot, failing to change her diaper, failing to change the dressing on her stump, and failing to promptly provide her adequate medical care.

The employees of Brandon Nursing Center were grossly negligent by causing Ms. Sandifer to suffer unnecessary pain by dropping her and severely injuring the toes on her right foot, failing to change her diaper, failing to change the dressing on her stump, and failing to promptly provide her adequate medical care.

As a proximate result of the actions and inactions of the employees, jointly and severally, of Brandon Nursing Center, acting within the course and scope of their employment, Ms. Sandifer suffered physical pain, emotional distress, a loss of enjoyment of life and loss of life, and incurred medical bills and funeral expenses.

Ms. Sandifer's wrongful death heirs and beneficiaries and her estate demand adequate compensation in the amount of Five Hundred Thousand Dollars ($500,000.00) for the pain and suffering, emotional distress, and unnecessary medical bills suffered by Ms. Sandifer.

Please forward this demand letter to your insurer.

If this case is not amicably resolved within sixty (60) days, the wrongful death heirs and beneficiaries and the Estate of Ms. Sandifer will consider further legal action.

If you have any questions, please call me.

Sincerely,

Carroll Rhodes

Carroll Rhodes

CR:lk

Law Offices of

# Carroll Rhodes

Carroll Rhodes
crhode@bellsouth.net

Attorney and Counselor at Law
119 Downing Street
Hazlehurst, Mississippi 39083

Mailing Address:
Post Office Box 588
Hazlehurst, MS 39083
(601) 894-4323
FAX #
(601) 894-1464

August 19, 2021

**VIA CERTIFIED MAIL & E-MAIL to 52gward@tarahc.com**

Mr. Greg Ward
Executive Director
Brandon Nursing and Rehabilitation Center, LLC
355 Crossgates Boulevard
Brandon, Mississippi 39042

RE:     Revised Demand Letter on Behalf of the Wrongful Death Heirs and Estate
        of Norma Sandifer, Deceased
        Date of Injury:   August 19, 2019
        Date of Death: December 15, 2019

Dear Mr. Ward:

Please be advised that my firm has been retained by the heirs and estate of Ms. Norma Sandifer, Deceased, to represent them and the Estate of Norma Sandifer, Deceased, in a personal injury claim and a wrongful death action against Brandon Nursing and Rehabilitation Center, LLC ("Brandon Nursing Center").

The claims of the estate and heirs stem from an incident that occurred at Brandon Nursing Center on August 19, 2019, and the wrongful death of Ms. Norma Sandifer, Deceased, that occurred on December 15, 2019. The incident that occurred on August 19, 2019, was the result of an employee of Brandon Nursing Center, acting within the course and scope of her employment, dropped Ms. Sandifer while attempting to move her from her bed to a chair. The employee of Brandon Nursing Center, acting within the course and scope of her employment, breached the industry standards by failing and refusing to use a hoyer lift or the assistance of other certified nursing assistants when moving Ms. Sandifer from her bed to a chair. Ms.Sandifer was non-ambulatory and weighed more than the Brandon Nursing Center employee was able to lift. In other words, the Brandon Nursing Center employee was negligent. As a proximate result of the negligence of the Brandon Nursing Center employee, Ms. Sandifer was dropped to the floor, and the third toe and toenail on Ms. Sandifer's right foot were broken and bloody. Ms. Sandifer was a non-ambulatory diabetic patient of Brandon Nursing Center. As a proximate result of being dropped and injured by the Brandon Nursing Center employee, Ms. Sandifer suffered physical pain and emotional distress.

EXHIBIT "B"

Mr. Greg Ward
August 19, 2021
Page 2

On August 20, 2019, Ms. Sandifer's sister spoke with Ms. Armika Henderson with Brandon Nursing Center's Social Services Department and with Leslie, Brandon Nursing Center's head nurse, about the incident. Both Ms. Henderson and Leslie told Ms. Sandifer's sister that Brandon Nursing Center did not prepare incident reports for such accidents.

On September 20, 2019, someone from Brandon Nursing Center called Ms. Sandifer's sister and told her that there had been a change in the instructions for taking care of Ms. Sandifer's toe. Then on September 21, 2019, Ms. Sandifer's sister went to visit her at Brandon Nursing Center and observed that Ms. Sandifer's toe had gotten worse.

On September 27, 2019, Ms. Sandifer's sister spoke with you regarding the course of events surrounding Ms. Sandifer's injury and the lack of adequate medical care and attention she had received. You indicated that you were unaware of the incident since there had not been an accident report filed. Kim and Armeka were present during this conversation. Ms. Sandifer's sister requested to see the grievance. She reviewed the grievance and it only stated that Ms. Sandifer had hit her toe. The grievance report was incorrect, and Ms. Sandifer's sister said it was inaccurate because it did not state that the Brandon Nursing Center's employee had dropped Ms.Sandifer and injured her toe. Ms. Sandifer's sister was informed by Brandon Nursing Center's staff and employees that the injury to her toe was prolonging her heart surgery. After this series of conversations, Ms. Sandifer's sister returned to visit Ms. Sandifer. Ms. Sandifer told her sister that another aide had come into her room and tried to intimidate her into saying that an aide did not drop her and the aide was going to get fired. Ms. Sandifer's sister reported this incident to Armeka and Kim. Kim called Ms. Sandifer's sister back and told her that she (Kim) had addressed the situation. Ms. Sandifer's sister requested an x-ray of Ms. Sandifer's toe since Ms. Sandifer was in so much pain. The x-ray was performed which was more than a month after the incident.

On October 3, 2019, Ms. Sandifer's sister went to see Dr. Bahro and asked him what could be done to help heal Ms. Sandifer's injury. Dr. Bahro suggested that an angiogram be performed on Wednesday, October 10, 2019, at CMMC. The procedure was performed on October 10, 2019, and Dr. Bahro told Ms. Sandifer's sister that he placed two balloons or stents in Ms. Sandifer's leg.

On October 6, 2019, at 9:55 a.m., Ms. Sandifer called her sister and told her that no one had come in to change her soiled diaper since 11:00 p.m. the night before. The day before, October 5, 2019, Ms. Sandifer's sister went to visit Ms. Sandifer at about 11:00 a.m., and Brandon Nursing Center's employees were just changing her soiled diaper on that date.

On October 23, 2019, Brandon Nursing Center's staff informed Ms. Sandifer sister's that nursing home employee Wanita Aldridge had dropped Ms. Sandifer injuring her toe and that Ms. Aldridge had been suspended.

Mr. Greg Ward
August 19, 2021
Page 3

On October 30, 2019, Ms. Sandifer went to her doctor regarding her stump, and he looked at her injured toes and said they did not look good and he was unsure how long it would be before the injured toes had to be removed.

On November 6, 2019, Ms. Sandifer called her sister and told her that a nurse was hurting her while trying to clean her injured toes. Ms. Sandifer's sister was unsuccessful in getting in touch with you about this incident and left you a voice-mail message concerning the situation.

On November 11, 2019, Ms. Sandifer complained to her sister about the pain she was in due to her injured toes. Ms. Sandifer's sister looked at the injury, and the injury appeared to have gotten worse.

On November 12, 2019, the dressing on Ms. Sandifer's stump had not been changed even after her sister went to the Nurse's Desk at Brandon Nursing Center at about 1:15 p.m. and reported the problem. Ms. Sandifer's doctor had left instructions that the dressing on Ms. Sandifer's stump was to be changed daily. However, Brandon Nursing Center was not following the doctor's instructions.

On November 15, 2019, Ms. Sandifer went to see Dr. Rooks at CMMC about her stump and injured right foot. Dr. Rooks told her that he was going to have to amputate her right leg above the knee and this would be a high-risk surgery because of her condition. Dr. Rooks said that she was in so much pain every day the surgery would be worth the risk.

On November 27, 2019, Ms. Sandifer called her sister and said that she had been sitting in a soiled diaper for hours that day. She also said that she had pushed the "call nurse" button several times, but no one responded to her request for nursing services.

On December 2, 2019, Ms. Sandifer called her sister about 3:00 p.m. and said that she had been sitting in a soiled diaper for hours that day, but no one had come in to change her soiled diaper.

On December 7, 2019, Ms. Sandifer called her sister about 3:00 p.m. and said that she had been sitting in a soiled diaper for hours that day, but no one had come in to change her soiled diaper.

On December 14, 2019, Ms. Sandifer's sister went to visit her, and she was in a lot of pain and suffering and her body was cold.

Ms. Sandifer died on December 15, 2019, as a proximate consequence of the injury to her right toes and foot and the substandard care and treatment she received each day from August 19, 2019 until December 15, 2019.

Mr. Greg Ward
August 19, 2021
Page 4

The employees of Brandon Nursing Center breached the contract entered into between the parties by causing Ms. Sandifer to suffer unnecessary pain by dropping her and severely injuring the toes on her right foot, failed to change her diaper, failing to change the dressing on her stump, and failing to promptly provide her adequate medical care.

They also breached the warranties entered into between the parties by causing Ms. Sandifer to suffer unnecessary pain by dropping her and severely injuring the toes on her right foot, failing to change her diaper, failing to change the dressing on her stump and failing to promptly provide her adequate medical care.

The employees of Brandon Nursing Center were negligent by causing Ms. Sandifer to suffer unnecessary pain by dropping her and severely injuring the toes on her right foot, failing to change her diaper, failing to change the dressing on her stump, and failing to promptly provide her adequate medical care.

The employees of Brandon Nursing Center were grossly negligent by causing Ms. Sandifer to suffer unnecessary pain by dropping her and severely injuring the toes on her right foot, failing to change her diaper, failing to change the dressing on her stump, and failing to promptly provide her adequate medical care.

As a proximate result of the actions and inactions of the employees, jointly and severally, of Brandon Nursing Center, acting within the course and scope of their employment, Ms. Sandifer suffered physical pain, emotional distress, a loss of enjoyment of life and loss of life, and incurred medical bills and funeral expenses.

Ms. Sandifer's wrongful death heirs and beneficiaries and her estate demand adequate compensation in the amount of Two Million Five Hundred Thousand Dollars ($2,500,000.00) for the pain and suffering, emotional distress, and unnecessary medical bills suffered by Ms. Sandifer.

Please forward this demand letter to your insurer.

If this case is not amicably resolved within sixty (60) days, the wrongful death heirs and beneficiaries and the Estate of Ms. Sandifer will consider further legal action.

Mr. Greg Ward
August 19, 2021
Page 5

      If you have any questions, please call me.

                                  Sincerely,

                                  Carroll Rhodes

CR:lk

Law Offices of

# Carroll Rhodes

Carroll Rhodes
crhode@bellsouth.net

Attorney and Counselor at law
119 Downing Street
Hazlehurst, Mississippi 39083

Mailing Address:
Post Office Box 588
Hazlehurst, MS 39083
(601) 894-4323
FAX #
(601) 894-1464

May 10, 2021

**SENT VIA E-MAIL AND FIRST CLASS MAIL**

Davis Frye, Esq.
Davis.Frye@butlersnow.com
BUTLER SNOW LLP
Post Office Box 6010
Ridgeland, Mississippi 39158-6010

Re:   Resident:   Norma Sandifer
      Facility:   Brandon Nursing and Rehabilitation Center, LLC

Dear Mr. Frye:

I sent a demand letter to Brandon Nursing and Rehabilitation Center, LLC on November 30, 2020 requesting a complete copy of Ms. Norma Sandifer's medical records and file maintained by Brandon Nursing and Rehabilitation Center, LLC. You sent me a letter on December 8, 2020 informing me that you needed a copy of Ms. Sandifer's death certificate and Letters of Administration appointing Carol Sandifer as the administratrix of her sister's estate or an affidavit executed by Carol if no estate has been opened. On December 28, 2020, my office sent you a letter with a copy of Ms. Sandifer's death certificate and the affidavit executed by Carol Sandifer. However, I have not received a complete copy of Ms. Norma Sandifer's medical records and file maintained by Brandon Nursing and Rehabilitation Center, LLC on Ms. Norma Sandifer.

Please promptly provide me with a complete copy of Ms. Norma Sandifer's medical records and file maintained by Brandon Nursing and Rehabilitation Center, LLC on Ms. Sandifer. I have, again, enclosed a copy of Ms. Sandifer's death certificate and the original affidavit executed by Ms. Carol Sandifer.

Sincerely,

Carroll Rhodes

Enclosures

CR:sj
cc: Ms. Carol Sandifer (w/encls.)

# STATE OF MISSISSIPPI

## MISSISSIPPI STATE DEPARTMENT OF HEALTH
### VITAL RECORDS



13911487

## CERTIFICATE OF DEATH
### STATE OF MISSISSIPPI

FILING DATE: 12/17/2019

STATE FILE NUMBER: 123-2019-027450

| 1. DECEDENT'S LEGAL NAME (First, Middle, Last, Suffix) | 2. GENDER | 3a. HOUR OF DEATH (Month, Day, Year) |
|---|---|---|
| NORMA SANDIFER | FEMALE | 07:47 | 12/15/2019 |

**4. RACE** (Check one or more races to indicate what the decedent considered himself or herself to be)
☐ White ☐ Black or African American ☐ Chinese ☐ Filipino ☐ Japanese ☐ Korean ☐ Vietnamese ☐ Native Hawaiian ☐ Samoan ☐ Asian Indian ☐ Guamanian or Chamorro
☐ Other Asian (Specify) ☐ Other Pacific Islander (Specify)
☐ American Indian or Alaska Native (Name of the enrolled tribe or principal tribe) ☐ Other (Specify)

| 5a. AGE AT LAST BIRTHDAY | UNDER 1 YEAR | UNDER 1 DAY | 6. DATE OF BIRTH (Month, Day, Year) | 7. BIRTH PLACE (State or Foreign Country) |
|---|---|---|---|---|
| 63 Years | 5b. MOS 5c. DAYS | 5d. HOURS 5e. MINS | 11/07/1956 | MISSISSIPPI |

| 8. PLACE OF DEATH (Check only one box) | | |
|---|---|---|
| ☐ Inpatient ☐ ER/Outpatient ☐ DOA | ☐ Hospice facility ☐ Nursing Home/Long term care facility ☐ Decedent's home ☐ Other (Specify) |

| 9a. FACILITY NAME (If not a facility, give street address, route number, or other location) | 9b. CITY, TOWN OR LOCATION OF DEATH | 9c. ZIP CODE | 9d. COUNTY OF DEATH |
|---|---|---|---|
| MERIT HEALTH RANKIN (61R) | BRANDON | 39042 | RANKIN |

**10. DECEDENT'S EDUCATION** - Check the box that best describes the highest degree or level of school completed at time of death.
☐ 8th grade or less ☐ 9th - 12th grade, no diploma ☐ High school graduate or GED completed ☐ Some college, no degree ☐ Associate degree (e.g., AA, AS) ☐ Bachelor's degree (e.g., BA, AB, BS)
☐ Master's degree (e.g., MA, MS, MEng, MEd, MSW, MBA) ☐ Doctorate (e.g., PhD, EdD) or Professional degree (e.g., MD, DDS, DVM, LLB, JD) ☐ Unknown

| 11. MARITAL STATUS AT TIME OF DEATH | 12. SURVIVING SPOUSE (Give legal name prior to first marriage) | 13. WAS DECEDENT EVER IN US ARMED FORCES? |
|---|---|---|
| ☐ Married ☐ Married, but separated ☐ Widowed ☐ Divorced ☐ Never married ☐ Unknown | | NO |

**14. DECEDENT OF HISPANIC ORIGIN?** Check the box that indicates whether the decedent is Spanish/Hispanic/Latina. Check the "No" box if decedent is not Spanish/Hispanic/Latino.
☒ No, not Spanish/Hispanic/Latino ☐ Yes, Mexican, Mexican American, Chicano ☐ Yes, Puerto Rican ☐ Yes, Cuban ☐ Yes, Other Spanish/Hispanic/Latino (Specify)

| 15. SOCIAL SECURITY NUMBER | 16a. USUAL OCCUPATION (Kind of work done most of working life) | 16b. KIND OF BUSINESS OR INDUSTRY |
|---|---|---|
| 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 | | |

| 17a. RESIDENCE - STATE | 17b. COUNTY | 17c. CITY OR TOWN | 17d. ZIP CODE | 17e. STREET AND NUMBER OR RURAL LOCATION (include apartment number) | 17f. INSIDE CITY LIMITS (Yes or No) |
|---|---|---|---|---|---|
| MISSISSIPPI | COPIAH | HAZELHURST | 39083 | 823 LAKE STREET APT. D-15 | YES |

| 18. FATHER'S OR PARENT'S NAME PRIOR TO FIRST MARRIAGE (First, Middle, Last, Suffix) | 19. MOTHER'S OR PARENT'S NAME PRIOR TO FIRST MARRIAGE (First, Middle, Last, Suffix) |
|---|---|
| DAVE SANDIFER | LEANNA ALLEN |

| 20. INFORMANT - NAME (Type or print) | 20a. RELATIONSHIP TO DECEDENT | 20b. MAILING ADDRESS (Street and number, City or town, State, ZIP Code) |
|---|---|---|
| CAROL SANDIFER | SISTER | P.O. BOX 1233 HAZELHURST, MS 39083 |

| 21a. DISPOSITION OF BODY (Specify: Burial, Cremation, Entombment, etc.) | 21b. CEMETERY/CREMATORY - NAME | 21c. LOCATION (City and State) | 22a. FUNERAL DIRECTOR - SIGNATURE AND LICENSE NUMBER |
|---|---|---|---|
| CREMATION | GREATER JACKSON MORTUARY | JACKSON, MISSISSIPPI | ☒ ELECTRONICALLY SIGNED BY MARION L. COTTON | FD-0183 |

| 23. FUNERAL HOME (Who first assumed custody of body) | 22b. FUNERAL HOME LICENSE NUMBER | 22c. MAILING ADDRESS (Street and number, City or town, State, ZIP Code) |
|---|---|---|
| HAZELHURST FUNERAL HOME (15H) | FE 72 | P O BOX 103, HAZELHURST, MS 39083 |

| 24. FUNERAL HOME (If body was transferred prior to disposition) | 24f. MAILING ADDRESS (Street and number, City or town, State, ZIP Code) |
|---|---|

| 22a. PERSON WHO PRONOUNCED DEATH - NAME and TITLE (Type or print) | 22b. PRONOUNCED DEAD (Month, Day, Year) | 22c. PRONOUNCED DEAD (Time) |
|---|---|---|
| FARHAN NAFIS MD | ON 12/15/2019 | AT 07:47 |

| 23. NAME OF CERTIFIER (Type or print) | 24. MAILING ADDRESS (Street and number, City or town, State, ZIP Code) |
|---|---|
| DAVID W. RUTH | P.O. BOX 1438, BRANDON, MS 39043 |

| 25a. To the best of my knowledge, death occurred due to the cause(s) and manner stated. | 25c. On the basis of examination and/or investigation, in my opinion, death occurred due to the cause(s) and manner as stated. |
|---|---|
| SIGNATURE b: ☒ MD/DO | SIGNATURE b: ☒ ELECTRONICALLY SIGNED BY DAVID W. RUTH, CMEI |
| 25b. TITLE | 25b. TITLE: RANKIN COUNTY CORONER |

| 25d. DATE SIGNED (Month, Day, Year) | 25e. STATE LICENSE NUMBER | 25d. DATE SIGNED (Month, Day, Year) 12/15/2019 |
|---|---|---|

**32. CAUSE OF DEATH PART I** - Enter the chain of events — diseases, injuries, or complications - that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. List only one cause on each line. DO NOT USE ABBREVIATIONS.

Interval between onset and death

IMMEDIATE CAUSE (Final disease or condition resulting in death)
(a) CARDIOPULMONARY ARREST — DUE TO (OR AS A CONSEQUENCE OF) (Enter one cause only) — UNKNOWN

Sequentially list conditions, if any, leading to immediate cause. Enter UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST
(b) END STAGE RENAL FAILURE — DUE TO (OR AS A CONSEQUENCE OF) (Enter one cause only)
(c) — DUE TO (OR AS A CONSEQUENCE OF) (Enter one cause only)

| 32. PART III OTHER SIGNIFICANT CONDITIONS - Conditions contributing to death but not resulting in the underlying cause given in PART I | 26a. POSTMORTEM EXAMINATION (Yes or No) | 26b. POSTMORTEM EXAMINATION FINDINGS AVAILABLE? (Yes or No) | 29. REFERRED TO STATE MEDICAL EXAMINER (Yes or No) |
|---|---|---|---|
| ATHEROSCLEROSIS | YES | | NO |

| 30. DID TOBACCO USE CONTRIBUTE TO DEATH? | 31. IF FEMALE: ☐ NOT pregnant within the past year ☐ PREGNANT at the time of death ☐ Not pregnant, BUT PREGNANT WITHIN 43 DAYS OF DEATH |
|---|---|
| ☐ Yes ☐ Probably | ☐ Not pregnant, BUT PREGNANT 43 DAYS TO 1 YEAR BEFORE DEATH ☐ Unknown if pregnant within the past year |
| ☒ No ☐ Unknown | |

| 38. MANNER OF DEATH | 33a. ACCIDENT, SUICIDE, HOMICIDE, PENDING INVESTIGATION, OR UNDETERMINED (Specify) | 35. DATE OF INJURY (Month, Day, Year) | 35. TIME OF INJURY | 38. DESCRIBE HOW INJURY OCCURRED |
|---|---|---|---|---|

| 37. IF TRANSPORTATION INJURY, SPECIFY: ☐ Driver/Operator ☐ Passenger ☐ Pedestrian ☐ Other (Specify) | | | |
|---|---|---|---|

| 34. INJURY AT WORK (Yes or No) | 36. PLACE OF INJURY (Specify: Home, Farm, Street, etc.) | 35b. LOCATION | Street or route number | City or town | State |
|---|---|---|---|---|---|
| | ☐ Factory, office building, etc.) | | | | |

THIS IS TO CERTIFY THAT THE ABOVE IS A TRUE AND CORRECT COPY OF THE CERTIFICATE ON FILE IN THIS OFFICE

5/8/2020



Judy Moulder
STATE REGISTRAR

**WARNING:** A REPRODUCTION OF THIS DOCUMENT RENDERS IT VOID AND INVALID. DO NOT ACCEPT UNLESS EMBOSSED SEAL OF THE MISSISSIPPI STATE BOARD OF HEALTH IS PRESENT. IT IS ILLEGAL TO ALTER OR COUNTERFEIT THIS DOCUMENT.

VERIFY PRESENCE OF WATERMARK    HOLD TO LIGHT TO VIEW

### AFFIDAVIT OF CAROL SANDIFER

STATE OF MISSISSIPPI

COUNTY OF COPIAH

THIS DAY personally appeared before me, the undersigned authority, in and for the jurisdiction aforesaid, the within named CAROL SANDIFER who, having by me been first duly sworn, states on her oath as follows:

1.    My name is Carol Sandifer, and I am an adult resident citizen of Copiah County, Mississippi.

2.    I am the sister of Norma Sandifer who was an adult resident citizen of Copiah County, Mississippi at the time of her death on December 15, 2019.

3.    My sister, Norma Sandifer, died intestate and no estate has been opened.

4.    At the time of her death, Norma Sandifer was not married, and she did not have any children.

5.    At the time of her death, Norma Sandifer was survived by me, her sister, and Felix Sandifer, her brother.

6.    My affidavit is based upon personal knowledge, and all of the matters, facts, and things stated herein are true and correct as herein stated.

WITNESS MY SIGNATURE, this the 28th day of December, 2020.

*Carol Sandifer*

CAROL SANDIFER

SWORN TO AND SUBSCRIBED BEFORE ME, this the 28th day of December, 2020.

*Linda D. Keyser*

NOTARY PUBLIC

My Commission Expires:

9-8-2024